**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Joshua T. Pugh,<br><br>Debtor<br><br>Prime Lending, a PlainsCapital Company, its successors and/or assigns,<br><br>Movant<br><br>vs.<br><br>Joshua T. Pugh,<br><br>Respondent. | Bankruptcy Case No. 26-22149 JCM<br><br>Chapter 13<br><br>Related to Document No. 21<br><br>Conciliation Hearing Date: 10/19/2026 |

**DEBTOR'S RESPONSE TO OBJECTION OF PRIMELENDING, A PLAINSCAPITAL COMPANY, ITS SUCCESSORS AND/OR ASSIGNS TO CONFIRMATION OF CHAPTER 13 PLAN**

AND NOW, comes Joshua T. Pugh, through counsel, and files this Response to Objection of PrimeLending, A PlainsCapital Company, Its Successors and/or Assigns to Confirmation of Chapter 13 Plan and in support thereof states as follows:

1. Movant is PrimeLending, A PlainsCapital Company ("PrimeLending").

2. Respondent is Joshua T. Pugh, the Debtor in this case.

3. PrimeLending holds a first position lien on Debtor's residence at 1120 McCleary Street, McKeesport, PA 15132.

4. Debtor filed a Chapter 13 Plan Dated August 12, 2026 (the "Plan").

5. PrimeLending filed an Objection of PrimeLending, A PlainsCapital Company, Its Successors and/or Assigns to Confirmation of Chapter 13 Plan (the "Objection").

6. The Plan provides for PrimeLending's claim to be paid under part 3.1 of the Plan.

7. PrimeLending has not yet filed a proof of claim.

8. Part 3.1 of the Plan is the section of the Plan under which PrimeLending is to be paid as a Long-Term Continuing Debt.

9. PrimeLending's claim is a long-term continuing debt, and is therefore appropriately treated under the correct section of the Plan.

10. PrimeLending complains that the cure amount stated in the Plan understates the pre-petition arrearage by $2,032.41.

11. As PrimeLending has not yet filed a claim, Debtor cannot ascertain whether PrimeLending's asserted pre-petition arrears balance is correct.

12. PrimeLending further alleges that the Plan fails to provide sufficient funding to pay its claim "including present value interest."

13. PrimeLending's averment in this regard is based on the faulty premise that the pre-petition arrears are paid with interest. The pre-petition arrearage will be paid at zero percent interest.

14. Further, PrimeLending generically avers that the Plan fails to comply with 11 U.S.C. §§ 1322 and 1325. The averment lacks specificity. PrimeLending points to no provision under Sections 1322 or 1325 with which the Plan does not comply.

15. To the contrary, the Plan complies with every element of Sections 1322 and 1325 and submits that the Plan should be confirmed.

16. Upon filing of the proof of claim, Debtor will evaluate the claim with assistance of counsel, and either conform the Plan to the claim or object to the claim.

WHEREFORE, Debtor/Respondent Joshua T. Pugh requests that the Court overrule Primelending's Objection including any request for interest to be paid on the pre-petition arrears balance.

Respectfully Submitted,

/s/ Jana S. Pail
Jana S. Pail
Pa. I.D. No. 88910
1178 Driftwood Drive
Pittsburgh, PA 15243
JPail@Paillaw.com
Tel: (412) 400-3833